IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Linda Huber, : Case No. 3:06 CV 1968

    Plaintiff, :

v. : **MEMORANDUM DECISION AND ORDER**

Auglaize County Board of Elections, et al., :

    Defendants. :

The parties have consented to have the Magistrate enter judgment in this civil rights case filed pursuant to 28 U.S.C. § 1331 and the Help America Vote Act (HAVA), 42 U.S.C. § 15482. The matters before this Court are: (1) the Motion to Dismiss filed by Defendants Carolyn Campbell, Margaret Matheny and Edwin A. Pierce (Docket No. 20), Plaintiff's Opposition (Docket No. 33) and Defendants' Reply (Docket No. 35); (2) Defendant J. Kenneth Blackwell's (Blackwell) Motion for Judgment on the Pleadings (Docket No. 34), Plaintiff's Response (Docket No. 44) and Defendant's Reply (Docket No. 48) and (3) Plaintiff's Motion for Inquiry of Incoming Attorney General (Docket No. 40) and Defendant

Blackwell's Opposition (Docket No. 47).

For the reasons that follow, the Motion to Dismiss is granted, the Motion for Judgment on the Pleadings is granted and the Motion for Inquiry is denied as moot.

## THE PARTIES

Plaintiff was Director of the Auglaize County Board of Elections (Defendant Board) from April 18 to August 23, 2005 (Docket No. 1, ¶ 4). Currently, Defendant Campbell is the Director and Defendant Matheny is the Deputy Director of the Defendant Board (Docket No. 1, ¶s 13 & 14). Defendant Blackwell, the former Secretary of State, has been replaced as a party defendant by Jennifer Brunner, the current Secretary of State (Docket No. 1, ¶ 15). Defendant Pierce was the Prosecuting Attorney for Auglaize County, Ohio (Docket No. 1, ¶ 16). Defendant Jean Burklo was the Director employed by Defendant Board during 2003 through April 15, 2005 (Docket No. 1, ¶ 45). Ken Nuss, the Deputy Director of the Defendant Board in 2004, is not a party to these proceedings (Docket No. 1, ¶ 23).

## FACTUAL BACKGROUND

Plaintiff alleges the following facts. Ken Nuss, while serving as Deputy Director of Defendant Board, witnessed Defendant Burklo permit a judicial candidate, Judge Frederick D. Pepple, to alter his declaration of candidacy after it was filed (Docket No. 1, ¶ 31). Defendant Burklo also returned inactive voters to active status (Docket No. 1, ¶ 43). On or about October 19, 2004, Ken Nuss filed a complaint with the Secretary of State's field representative alleging violations of Ohio's election laws (Docket No. 1, ¶ 23). On October 20, 2004, four members of Defendant Board apprised Ken Nuss of their intent to discipline him (Docket No. 1, ¶ 25). Defendant Blackwell placed the Board on administrative oversight pending investigation on October 28, 2004 (Docket No. 1, ¶ 26). Ken Nuss resigned on November 1, 2004 (Docket No. 1, ¶ 27). Defendant Blackwell removed Defendant Burklo from the position of Director

on April 15, 2005 (Docket No. 1, ¶ 45).

Plaintiff was hired on April 18, 2005 (Docket No. 1, ¶ 52). Plaintiff claims that she was inadequately trained, denied the use of computer friendly software and that her efforts to implement changes not endorsed by Defendant Burklo were thwarted (Docket No. 1, ¶s 53, 55, 56, 61,62). During an Executive Session, Defendant Board did not nominate Plaintiff for the position of Director and she was terminated on August 23, 2005 (Docket No. 1, ¶ 92). Defendant Campbell succeeded Plaintiff in the position of Director and Defendant Matheny was appointed Deputy Director (Docket No. 1, ¶s 13 & 14).

Defendant Pierce requested the appointment of a special prosecutor to address the propriety of the judicial candidate's acts in altering the declaration (Docket No. 1, ¶ 94). Defendant Pierce did not seek a special prosecutor to address the inaction of Defendant Board or pursue legal remedies against the judicial candidate and Defendant Board (Docket No. 1, ¶s 94 & 113).

## **DISCUSSION**

Plaintiff filed this action seeking removal of Defendant Board, reinstatement as Director and compensatory damages in eleven separate counts alleging various civil wrongs by some or all of the Defendants, all generally having to do with the investigation of Defendant Board beginning in October 2004. Defendants Campbell, Matheny and Pierce seek dismissal of the claims against them for the reason that Plaintiff failed to plead cognizable legal claims against them. Defendant Blackwell claims that Plaintiff has not asserted claims against the Office of Secretary of State for which she has a private right of action. Defendant Blackwell also asserts that he has immunity for claims in which Plaintiff seeks damages.

1.  *Motion to Dismiss of Defendants Campbell and Matheny (Docket No. 20)*

Defendants Campbell and Matheny argue that pursuant to FED. R. CIV. P. 12(b)(6), Plaintiff failed to state a claim against them.  Plaintiff contends that Defendants Campbell and Matheny have a stake in this litigation related to the subject of the action; specifically, their appointment to the positions of Director and Deputy Director, respectively, could be rendered invalid if this Court finds that the meeting of Defendant Board on August 23, 2005, violated Ohio's Sunshine Law, OHIO REV. CODE §121.22.

The Sixth Circuit reviews de novo the grant or denial of a motion to dismiss under FED. R. CIV. P. 12(b)(6).  *Mezibov v. Allen,* 411 F.3d 712, 716 (6th Cir. 2005) *cert. denied*, 126 S. Ct. 1911 (2006) (*citing Barrett v. Harrington,* 130 F.3d 246, 251 (6th Cir. 1997)).  To survive a motion to dismiss under Rule 12(b )(6), a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.  *Id.* (*citing Scheid v. Fanny Farmer Candy Shops,* 859 F.2d 434, 436 (6th Cir. 1988)).  Nonetheless, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.  *Id.* (*citing Jackson v. Heh,* 215 F.3d 1326 (Table), 2000 WL 761807 at *2 (6th Cir. 2000) (*citing Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995)).

A court considering a motion to dismiss under Rule 12(b)(6) "must accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff." *Benzon v. Morgan Stanley Distributors*, 420 F. 3d 598, 604 (6th Cir.  2005) (*citing Inge v. Rock Financial Corporation,* 281 F.3d 613, 619 (6th Cir. 2002) (*citing Turker v. Ohio Department of Rehabilitation & Corrections,* 157 F.3d 453, 456 (6th Cir. 1998)).  "Dismissal of the complaint is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Id.* (*citing Trzebuckowski v. City of Cleveland,* 319 F.3d 853, 855 (6th Cir.2003) (*quoting Hishon v. King & Spalding,* 104 S. Ct. 2229, 2232 (1984)).

The Magistrate finds that, after review of the pleading, the Complaint lacks either direct or inferential allegations against Defendants Campbell or Matheny for which Plaintiff can sustain recovery. Plaintiff suggests, however, that Defendants Campbell and Matheny have an interest in the results of the litigation and thus are indispensable parties required for just adjudication.

Under FED. R. CIV. P. 19(a), a person is necessary for just adjudication, and where feasible should be joined, if: (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Plaintiff can obtain the relief requested in the absence of Defendants Campbell and Matheny. Disposition of this case without them will not impair or impede Plaintiff's ability to protect her interests. The presence of Defendants Campbell and Matheny serves no useful purpose even if Plaintiff is successful on the merits of her claim against the Board. Defendants Campbell and Matheny cannot pursue their claims against Defendant Board in this case and will have to seek recovery in another forum. As a practical matter, Defendants Campbell and Matheny will be subjected to multiple litigation.

The Magistrate is persuaded that complete relief in this dispute between Plaintiff and Defendant Board can be obtained without the presence of Defendants Campbell and Matheny. Defendants Campbell and Matheny are not necessary for just adjudication of this litigation. The Motion to Dismiss is granted as to Defendants Campbell and Matheny.

2. *Motion to Dismiss Defendant Pierce (Docket No. 20).*

Here, both parties concede that Defendant Pierce did seek the appointment of a special prosecutor to investigate the allegations against Judge Pepple. However, the parties dispute the extent of such request since Defendant Pierce failed to pursue legal remedies against the Board including the appointment of a special prosecutor. Defendant Pierce contends that the failure to bring criminal charges or seek the appointment of a special prosecutor to investigate Defendant Board was within his discretion. In the alternative, Defendant Pierce asserts his entitlement to absolute immunity.

The prosecuting attorney is an elected official vested with the power to prosecute all public offenses in her or his county on behalf of the people. *Bordenkircher v. Hayes*, 98 S. Ct. 663, 668 (1978); *State, ex rel. Nagle v. Olin*, 64 Ohio St.2d 341, 347 (1980). A prosecuting attorney will not be compelled to prosecute a complaint except when the failure to prosecute constitutes an abuse of discretion. *Mootispaw v. Eckstein,* 76 Ohio St. 3d 383, 385, 667 N. E. 2d 1197, 1199 (1996) (*citing State ex rel. Master v. Cleveland*, 75 Ohio St.3d 23, 27, 661 N.E.2d 180, 184 (1996)). Consequently, the decision whether to prosecute is discretionary and not normally subject to judicial review. *State ex. rel. Master*, 75 Ohio St.3d at 27, 661 N.E.2d at 184 (*citing Ohio Association of Public School Employees, Chapter 643, AFSCME/AFL-CIO v. Dayton City School District Board of Education*, 59 Ohio St.3d 159, 160, 572 N.E.2d 80, 82 (1991)).

In performing those activities that constitute an integral part of the judicial process, the prosecutor is entitled to absolute immunity. *Spurlock v. Thompson*, 330 F. 3d 791, 797 (6th Cir. 2003) (*citing Imbler v. Pachtman,* 96 S. Ct. 984, 994-995 (1976)). Courts must look to the nature of the function performed. *Id*. (*citing Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002)). Using this approach, courts have concluded that a prosecutor is protected in connection with his or her duties in functioning as a prosecutor. *Id.* Absolute prosecutorial immunity attaches to administrative or investigative acts necessary for a

prosecutor to initiate or maintain the criminal prosecution. *Ireland v. Tunis*, 113 F. 3d 1435, 1447 (6th Cir. 1997) *cert. denied*, 118 S. Ct. 560 (1997).

The line between the conduct that constitutes administrative and investigative acts is difficult to draw in this case. However, for his conduct, the Magistrate finds that Defendant Pierce is not absolutely immune from liability. Defendant Pierce contends that he is entitled to qualified immunity.

Qualified immunity shields government officials acting within the scope of their official duties from civil liability insofar as their conduct does not violate clearly established rights of which a reasonable person would have known. *Vakilian v. Shaw*, 335 F. 3d 509, 516 (6th Cir. 2003) (*citing Harlow v. Fitzgerald,* 102 S.Ct. 2727, 2737-2738 (1982)). The purpose of the qualified immunity defense is to protect public officials "from undue interference with their duties and from potentially disabling threats of liability." *Id.* (*citing Blake v. Wright,* 179 F.3d 1003, 1007 (6th Cir.1999) (*quoting Harlow,* 102 S.Ct. at 2731-2732). Thus, whether an official is entitled to qualified immunity is a threshold question to be resolved at the earliest possible point in the proceedings. *Id.* (*citing Harlow,* 102 S.Ct. at 2738).

In determining an officer's entitlement to qualified immunity, a two-step inquiry is employed. *Id.* (*citing Saucier v. Katz,* 121 S.Ct. 2151, 2156 (2001)). First, taken in the light most favorable to the plaintiff, the fact-finder must decide whether the facts alleged show the officer's conduct violated a constitutional right. *Id.* (*citing Saucier* at 2156). If no constitutional right would have been violated were the plaintiff's allegations established, there is no need for further inquiry into immunity. Second, if a violation can be made out on a favorable view of the plaintiff's submissions, the fact-finder must ask whether the right was clearly established. *Id.* at 516-517.

Plaintiff's claim fails when assessing the first prong of the two-step test. Specifically, Plaintiff has failed to show that the failure to initiate criminal charges against Defendant Board or appoint a special

7

prosecutor to investigate and/or prosecute Defendant Board, violates a clearly established constitutional right. Thus, Defendant Pierce is entitled to qualified immunity. Accordingly, the Motion to Dismiss as to Defendant Pierce must be granted.

*3.      Motion for Judgment on the Pleadings (Docket No. 34)*

Plaintiff alleges that as a result of Defendant Blackwell's failure to execute the statutory duty of establishing a uniform system of eligible voters, Defendant Burklo procured HAVA funds for Auglaize County that were representative of an overinflated voter population. In addition, Plaintiff alleges that Defendant Blackwell violated those protections afforded her under 42 U.S.C. § 1981, 42 U.S.C. § 1982, 42 U.S.C. § 1983 and 42 U.S.C. § 1985.

In the Motion for Judgment on the Pleadings, Defendant Blackwell contends that Plaintiff does not have a private cause of action under HAVA and that Plaintiff cannot make a prima facie case for any of her federal claims. Defendant Blackwell argues that all of Plaintiff's federal claims for damages are barred by the Eleventh Amendment.

The Sixth Circuit reviews de novo a judgment on the pleadings under FED. R. CIV. P. 12(c). *Rawe v. Liberty Mutual Fire Insurance Company*, 462 F.3d 521, 526 (6th Cir. 2006) (*citing Ziegler v. IBP Hog Market, Incorporated,* 249 F.3d 509, 511-512 (6th Cir. 2001)). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* (*citing Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Incorporated,* 479 F.2d 478, 480 (6th Cir. 1973)). A Rule 12(c) "motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Services Commission,* 946 F.2d 1233, 1235 (6th Cir. 1991). "In reviewing the motion, we must

8

construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of [her] claim that would entitle [her] to relief." *Id.* (*citing Ziegler,* 249 F.3d at 512).

*HAVA Claims*

HAVA, which Congress passed in response to problems identified in the 2000 presidential election, provides, in relevant part, that states must create and maintain a computerized statewide voter registration list defined, maintained, and administered at the state level that contains the name and registration information of every legally registered voter in the state and assigns a unique identifier to each legally registered voter in the state. 42 U.S.C. § 15483(a)(1)(A) (Thomson/West 2007). The state shall be required to comply with these requirements at the latest after January 1, 2006. 42 U.S.C. § 15483(d)(1)(B) (Thomson/West 2007).

During Defendant Burklo's tenure in 2003 and 2004, Defendant Blackwell was not required to comply with the requirements for a uniform system of eligible voters. Plaintiff has failed to state a claim against Defendant Blackwell arising from his duty to provide a computerized voter registration system prior to January 1, 2006, or from Defendant Burklo's obligation to employ the system prior to requesting HAVA funds.

*Section 1981*

Plaintiff contends that she is entitled to a legitimate electoral process. Such right, afforded Plaintiff under 42 U.S.C. § 1981, was abridged by Defendant Blackwell's failure to insure that she was not deprived of such right. Defendant Blackwell contends that Plaintiff has not plead a proper cause of action for discrimination under Section 1981.

9

Section 1981, states in relevant part that: all persons within the jurisdiction of the United States shall have the same right in every state and territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. Any claim brought under Section 1981, therefore, must initially identify an impaired "contractual relationship," under which the plaintiff has rights. *Domino's Pizza Incorporated v. McDonald*, 126 S. Ct. 1246, 1249-1250 (2006).

To establish a *prima facie* claim under Section 1981, a plaintiff must present evidence with respect to the following elements: (1) the plaintiff is a member of a racial minority; 2) there was an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerns one or more of the activities enumerated in the statute. *Ziegler v. City of Warren,* 2007 WL 509764 (N. D. Ohio 2007) (*citing Mayers v. Sedgwick Claims Management Services,* 101 Fed. Appx. 591 (6th Cir. 2004) *cert. denied*, 125 S.Ct. 442 (2004)). Gender discrimination in the making and enforcing of contracts is not cognizable under Section 1981. *Curry v. City of Mansfield*, 2007 WL 1087581 * 9, fn. 5 (N. D. Ohio 2007).

Plaintiff suggests, without authority, that the Court should consider that she is a member of a protective class. It is undisputable that Plaintiff is not a member of a racial minority. Accordingly, she does not have standing to assert a claim under 42 U.S.C. § 1981. This claim is dismissed against Defendant Blackwell.

*Section 1982*

Admittedly, Plaintiff's assertions with respect to this statute are unclear. Defendant Blackwell

argues that Plaintiff has not alleged a claim for which relief can be granted under Section 1982.

Title 42 U.S.C. § 1982 provides: "All citizens of the United States shall have the same right, in every state and territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." The narrow construction of this statute proscribes discrimination in the purchase, sale or conveyance of real and personal property and mandates that all citizens have an equal right to hold and convey property. Plaintiff failed to allege or proffer any facts which show that she may have an arguable claim under Section 1982 against Defendant Blackwell.

*Section 1983*

Plaintiff argues that Defendant Blackwell's indifference and/or dereliction of duty were the motivating factors in the Board's failure to comply with the voting laws. Plaintiff contends that she was damaged as a result of such indifference and/or dereliction of duty. Again, Defendant Blackwell alleges that Plaintiff has not plead a proper claim for discrimination under Section 1983.

In an action brought pursuant to 42 U.S.C. § 1983, the plaintiff must prove that (1) the challenged conduct was committed by a person acting under the color of state law, and (2) the conduct caused a deprivation of a person's rights or privileges protected by the laws or Constitution of the United States. *Summer v. Leis*, 368 F. 3d 881, 888-889 (6th Cir. 2004) (*citing Parratt v. Taylor,* 101 S. Ct. 1908, 1912-1913 (1981); *Baker v. McCollan,* 99 S. Ct. 2689, 2693 (1979)). If no constitutional right has been violated by the officer's conduct, there is no necessity for further inquiries concerning qualified immunity. *Id.* (*citing Saucier, supra*, 121 S. Ct. at 2156). A claimed constitutional violation must be based upon active unconstitutional behavior. *Id.* (*citing Greene v. Barber,* 310 F.3d 889, 899 (6th Cir. 2002)). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Id.*

11

The threshold question in this case is whether Defendant Blackwell, acting under color of state law, committed a constitutional violation. However, Plaintiff has failed to allege that Defendant Blackwell engaged in any active unconstitutional behavior. In fact, Plaintiff's complaint attributes no specific unconstitutional acts to Defendant Blackwell. Plaintiff's claim against Defendant Blackwell is based solely on speculation that his inaction persuaded Defendant Board to somehow mistreat her. Failure to identify a constitutional wrong vitiates a claim against Defendant Blackwell under Section 1983.

*Section 1985*

Plaintiff alleges that she has been deprived of certain rights under Section 1985. Plaintiff does not articulate under which provision she pursues relief. Defendant Blackwell contends that Plaintiff has not plead a proper claim for discrimination under Section 1985.

The Magistrate finds that the only section under which Plaintiff could state a cognizable legal claim is Section 1985(3). Section 1985(1) prohibiting conspiracies to interfere with federal officers in the performance of their duties is not applicable in this case since Defendant Blackwell is not a federal officer. 42 U.S.C. § 1985(1) (Thomson/West 2007). Section 1985(2) prohibits conspiracies to influence parties, witness, or jurors in federal court proceedings. It, too, is not applicable to this case.

Section 1985(3) prohibits a conspiracy "for the purpose of depriving either directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws." To prevail on a Section 1985(3) claim, the plaintiff must prove the existence of the following: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. " *Vakilian v. Shaw,* 335 F.3d 509,

518 (6th Cir.2003) (*quoting United Board of Carpenters & Joiners v. Scott,* 103 S. Ct. 3352, 3355 (1983)). The Supreme Court has stated that "[t]he language requiring intent to deprive of equal protection, or equal privileges and immunities, means there must be some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions." *Id*. (*citing Griffin v. Breckenridge,* 91 S. Ct. 1790, 1798 (1971)).

In her complaint and opposition to the Motion for Judgment on the Pleadings, Plaintiff failed to state a claim, conclusory or otherwise, of a conspiracy in any way motivated by racial or other class-based animus. Plaintiff has failed to state a claim for conspiracy under Section 1985(3).

*Conclusion for the Motion for Judgment on the Pleadings*

Since Defendant Blackwell's Motion for Judgment on the Pleading is granted, the Magistrate does not address his entitlement to immunity. There are no material issues of fact and Defendant Blackwell, in the capacity of Secretary of State, is entitled to judgment as a matter of law.

4.  *Plaintiff's Motion for Inquiry of Incoming Attorney General (Docket No. 40).*

Plaintiff seeks an order of the Court permitting her to inquire of the Secretary of State, Jennifer Brunner, whether she concurs in the defense presented by Defendant Blackwell. The Magistrate has effectively dismissed the Office of the Secretary of State by entering judgment for it as a matter of law. Plaintiff's request to inquire of Jennifer Brunner is moot.

## **CONCLUSION**

For the foregoing reasons, the Motion to Dismiss filed by Defendants Carolyn Campbell, Margaret Matheny and Edwin A. Pierce is granted (Docket No. 20); Defendant J. Kenneth Blackwell's Motion for

Judgment on the Pleadings is granted (Docket No. 34); and Plaintiff's Motion for Inquiry of Incoming Attorney General is denied as moot (Docket No. 40).

    So ordered.

/s/Vernelis K. Armstrong<br>United States Magistrate Judge

Date: September 17, 2007